TERRELL, Justice.
Appellant sued appellee for custody of a minor child and separate maintenance, unconnected with divorce. The chancellor awarded the custody of the child, age six, to appellee with right of appellant to have it the month of July each year and the first and third weekends of every month. This appeal is from the final decree.
Appellant challenges the justice and legality of the decree.
The parties were married in Texas in 1944. Appellant had a child by a former marriage eleven years old. The child involved in this 'case was the product of the second marriage, which lasted six years, when appellee took the child and brought it to the home of his father and mother at Daytona Beach, Florida, appellant was away from home when appellee left with the child. He gave her no intimation that he was leaving, he has contributed nothing to the support of appellant or the older child which he adopted, nor did he advise appellant of his forwarding address when he left.
The chancellor found that at the time ap-pellee abandoned appellant the child was a poor eater, nervous, underweight and a finger nail chewer, all of which were the symptoms of an unhappy and highly emotionally disturbed child. That since the father brought the child to Daytona Beach, about 26 months ago, he eats normally, looks and acts happy, is healthy, is of normal weight and gives every indication of *547 being a happy and well adjusted child. Said the chancellor: “It appears that it is a question of which grandmother shall rear this child, because if custody is awarded the mother she will take the child back to Texas to her mother’s home, and if custody is awarded to the father, the child will be cared for. by his1 mother, where the child has been for more than two years. .The record discloses that the child is receiving good care and proper training and is living in a comfortable home with a spacious play yard, adjacent to public playground and across the street from a fine public school with an underpass leading under the street to the school grounds. The record is silent as to the conditions, circumstances and environment of the plaintiff’s mother’s home in Texas’where she proposes to take the child should she prevail.”
Based on these findings which are supported by the record, the chancellor entered the final decree, the pertinent parts of which are quoted in the forepart of this opinion. The record shows that appellant is a well educated lady and carries home a larger pay envelope than appellee who is sick in mind and body, of limited earning capacity, depending largely on the bounty of his father and mother for support. The final decree shows that the chancellor had an accurate knowledge of the decisions of this and other courts pointing the guide to determine custody in a case of this land, one of the most delicate questions he has to determine.
It -is too well settled for cavil that all things being equal, the mother will b,e awarded the custody of children of tender years in a controversy like this. It is apparent from the record that the attitudes of the parents in this case were such that a suitable environment for the children to grow up was not in prospect. When it comes to that and resolves itself into the question of “which grandmother shall rear this child” and the grandmothers are as far apart as Daytona Beach, Florida, and Dallas, Texas, there should be some showing of what, the. domestic situation in Dallas will be before the child is uprooted and transplanted to the new locality. This is particularly true when it is shown that it is being well provided for where it is. As between the father and mother the record may show that, the mother was. better qualified but on account of the situation confronting him the chancellor was not in error in placing the child with the paternal grandmother since there was no showing of conditions at the maternal grandmother’s home or her ability and qualification to care for it.
' The final decree was conditioned, “until the further order of the Court.” Appellant can move for a modification of the decree at any time. It is accordingly affirmed without prejudice to'do this and exemplify her qualification to care for the child if she so desires.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.